UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE LABORERS PENSION TRUST FUND
- DETROIT AND VICINITY,

    Plaintiffs,　　　　　　　　　　　　Case No.
　　　　　　　　　　　　　　　　　　　　Hon.
vs.

PALLISCO CONCRETE CONSTRUCTION, INC.,
a Michigan corporation,

    Defendant.
_____/

# COMPLAINT

Plaintiffs, Trustees of the Laborers Pension Trust Fund - Detroit and Vicinity, by and through their attorneys, WATKINS, PAWLICK, CALATI & PRIFTI, PC, state for their Complaint as follows:

1.　　Plaintiffs, Trustees of the Laborers Pension Trust Fund - Detroit and Vicinity, are the fiduciaries and, jointly, the statutory administrator of the Laborers Pension Trust Fund - Detroit and Vicinity ("Fund"), which was established through collective bargaining, is maintained and administered pursuant to Section 302 of the Labor-Management Relations Act of 1947, as amended (hereinafter referred to as "LMRA"), 29 USC §186, et seq., and the Employee Retirement Income Security Act

of 1974, as amended (hereinafter referred to as "ERISA"), 29 USC §1001, *et. seq*. The Fund maintains its principal offices in the City of Troy, County of Oakland, State of Michigan.

2. Non-party Pallisco Concrete Company, Inc. ("Pallisco I") was dissolved in April 2013 and became a defunct entity after going through a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of Michigan, Case No. 13-40666.

3. Pallisco I is an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5).

4. Defendant Pallisco Concrete Construction, Inc. ("Pallisco II"), is a Michigan corporation, doing business in the building and construction industry, an industry affecting commerce within the meaning of 29 USC §142 and §185 and 29 USC §1002(5) and (12). Its principal place of business is in the City of Chesterfield, County of Macomb, State of Michigan.

5. Thomas Pallisco, upon information and belief is the owner of both Pallisco I and Pallisco II

6. Upon information and belief, Pallisco II is a "trade or business ... under common control" with Pallisco I, within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. §1301(b)(1), and Section 414(c) of the Internal Revenue Code, as

amended, and the regulations promulgated thereunder.

7. Pallisco I, Pallisco II and all trades or businesses under common control with them ("Controlled Group") constitute a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. §1301(b)(1), and the regulations promulgated thereunder.

8. Jurisdiction of this Court is predicated on Sections 4301(a)(1) and 4221(b)(1) of ERISA, 29 USC §§1451(a)(1) and 1401(b)(1), this being an action by fiduciaries to enforce the payment of defendant's employer withdrawal liability owed to the Fund.

9. Venue of the United States District Court for the Eastern District of Michigan, Southern Division, is appropriate pursuant to Sections 4301(c) and 4221(b)(1) of ERISA, 29 USC §§1451(c) and 1401(b)(1), this being the district in which the Fund is administered.

10. Pallisco I was signatory to and bound by collective bargaining agreements with Local Unions 334, 1076 and/or 1191 of the Laborers International Union of North America, AFL-CIO (hereinafter collectively the "Laborers Union"), under which it was required to make contributions to the Fund on behalf of its employees who were covered by the agreement. That collective bargaining agreement obligated Pallisco I to abide by the terms and conditions of the Agreement and

Declaration of Trust establishing the Fund and to submit monthly reports and payments to the Fund.

11. Pallisco I employed employees represented for the purposes of collective bargaining by the Laborers Union, a labor organization representing employees in an industry affecting interstate commerce, and was an employer within the meaning of 29 U.S.C. § 152(2) and Sections 3(5) and 4201(a) of ERISA, 29 U.S.C. §§ 1002(5) and 1381(a).

12. The Plaintiffs determined that on or about August 30, 2013, Pallisco I permanently ceased to have an obligation to contribute to the Fund, and no member of the Controlled Group remains obligated to contribute to the Fund.

13. Pallisco II resumed performing covered work by no later than April, 2016, resulting in a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. §1383.

14. As a result of this complete withdrawal, all entities constituting the Controlled Group, including Pallisco II, incurred withdrawal liability to the Fund in the amount of $35,094.00, as determined under Section 4201(b) of ERISA, 29 U.S.C. §1381(b).

15. On or about October 23, 2018, Pallisco I received a Notice of Assessment of Employer Withdrawal Liability (Exhibit 1), at the address of Pallisco

II, issued by the Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). This notice and demand for payment notified Pallisco I that its withdrawal liability to the Fund was payable in 2 quarterly payments of $13,088.25 and a final payment of $8,917.50. The Notice of Assessment of Employer Withdrawal Liability stated the first payment was due on or before sixty (60) days after Pallisco I's receipt of this notice, i.e., by December 22, 2018.

16. Pursuant to Section 4219 of ERISA, 29 U.S.C. §1399, notice of withdrawal liability assessment, default and all other notices provided under Sections 4201-4225 of ERISA, 29 U.S.C. §§ 1381-1405 sent to one member of a controlled group constitutes notice to all trades or businesses in the same controlled group.

17. Pallisco I and members of the Controlled Group had until January 21, 2019 to request review of the assessment.

18. Thomas Pallisco responded to the assessment on December 3, 2018 through his attorney. (Exhibit 2)

19. The December 3, 2018 letter was treated by Plaintiffs as a request for review.

20. Plaintiffs responded to the request for review on January 7, 2019 explaining the basis for the assessment, the Plaintiffs' position with respect to each issue raised, and requested additional information to better understand the

relationship between Pallisco I and Pallisco II. (Exhibit 3) No additional information was received by Plaintiffs or the Fund.

21.  Pursuant to Sections 4219(c)(2) and 4221(d) of ERISA, 29 U.S.C. §§1399(c)(2) and 1401(d), withdrawal liability payments must be made in accordance with the schedule set forth by the plan sponsor notwithstanding any request for review or arbitration.

22.  By letter dated April 2, 2019, Plaintiffs notified the Controlled Group that it was delinquent in making its first quarterly withdrawal liability payment, which was due on December 23, 2018. (Exhibit 4). This letter was received by Thomas Pallisco's attorney on April 5, 2019. (Exhibit 5)

23.  The Controlled Group has failed to make any of the withdrawal liability payments to the Fund and has failed to request arbitration. The period to request arbitration passed on June 1, 2019 without any such request being received by Plaintiffs or the Fund. Accordingly, the Plaintiffs are entitled to judgment in this action without judicial consideration of the employer's defenses that could have been raised in arbitration.

24.  A notice of default, which accelerated and demanded payment, was sent to Pallisco I and Pallisco II on June 6, 2019 (Exhibit 6) and received by Thomas Pallisco's attorney on June 10, 2019. (Exhibit 7)

25. Under Section 4301(b) of ERISA, 29 U.S.C. §1451(b), an action to compel payment of withdrawal liability is treated in the same manner as an action for payment of delinquent contributions within the meaning of Section 515 of ERISA, 29 U.S.C. §1145.

26. In an action to enforce Section 515 of ERISA, 29 U.S.C. §1145, ERISA provides for mandatory interest, attorneys fees and liquidated damages as set forth in Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2).

27. As a trade or business under common control with Pallisco I, Pallisco II is jointly and severally liable for Pallisco I's withdrawal liability under Section 4001(b)(1) of ERISA, 29 U.S.C. §1301(b)(l).

28. Pallisco II, as a member of the Controlled Group, is jointly and severally liable under Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), for withdrawal liability to the Fund in the amount of $35,094.00; interest through the date of default; interest from the date of default; the greater of interest or liquidated damages; and attorneys fees and costs incurred in the collection of the withdrawal liability.

WHEREFORE, Plaintiffs prays that judgment be entered in their favor containing the following relief:

A. Judgment against Defendant Pallisco Concrete Construction, Inc. and for Plaintiffs, on behalf of the Fund, pursuant to section 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§1132(g)(2) and 1451(b) for:

1. Principal in the amount of $35,094.00;

2. Interest on the amount specified above at the rate set forth at 29 CFR §4219.32 from and after December 22, 2018;

3. An additional amount equal to the greater of:

   a. interest computed and charged in accordance with subparagraph (2), or

   b. liquidated damages as provided in Section 515 of ERISA, 29 USC §1145; and

4. attorneys' fees and costs of this action.

B. That this Honorable Court retain jurisdiction of this cause pending compliance with its Order.

C. For such further or different relief as the court may deem just and proper.

>Respectfully submitted,
>
>WATKINS, PAWLICK, CALATI & PRIFTI, PC
>
>By: /s/ George H. Kruszewski
>GEORGE H. KRUSZEWSKI (P25857)
>Attorney for Plaintiffs
>1423 E. Twelve Mile Road
>Madison Heights, Michigan 48071
>(248) 658-0800
>gkruszewski@wpcplaw.com

September 4, 2019